UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES INVESTOR PROTECTION
CORPORATION,

                Plaintiff,

      v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

                Defendant.

In re:

MADOFF SECURITIES



12-MC-115

**ORDER**

(Relates to consolidated proceedings on Bankruptcy Code Section 502(d))

PERTAINS TO CASES LISTED IN EXHIBIT A

JED S. RAKOFF, U.S.D.J.:

    WHEREAS:

    A.    Pending before the Court are various adversary proceedings commenced by Irving H. Picard, as trustee ("Trustee"), in connection with the substantively consolidated liquidation proceedings of Bernard L. Madoff Investment Securities LLC ("BLMIS") and the estate of Bernard L. Madoff under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.* ("SIPA"), in which the Trustee has sought to avoid or recover certain transfers made by BLMIS in the 90 day, two year, six year and/or longer period(s) preceding December 11, 2008 (the "Transfers"). In these proceedings, certain defendants (the "Section 502(d) Defendants") have sought withdrawal of the reference from the Bankruptcy Court to this Court, among other grounds, for the Court's determination of the Section 502(d) Issue as defined below.

300246780

B.   Exhibit A hereto, prepared by the Trustee's counsel, identifies the single cases or, in certain instances, the lead case of related adversary proceedings where defendants are represented by common counsel, in which Section 502(d) Defendants have filed motions to withdraw the reference (or joined in such motions, which joinders are deemed included in the scope of this Order unless expressly stated otherwise on Exhibit A) from the Bankruptcy Court to this Court to determine whether SIPA prevents the Trustee from disallowing customer claims under 11 U.S.C. § 502(d) (the "Adversary Proceedings").

C.   The Court, over the objections of the Trustee and the Securities Investor Protection Corporation ("SIPC"), previously withdrew the reference from the Bankruptcy Court to consider whether SIPA precludes the Trustee from disallowing customer claims. *See* Primeo Fund, et al., No. 12 MC 115 (JSR) (S.D.N.Y. May 15, 2012) [ECF No. 97] (the "Section 502(d) Withdrawal Ruling").

D.   Pursuant to Section 502(d) Withdrawal Ruling, the Court has decided to consolidate briefing on the merits of the Section 502(d) Issue (defined below), and the resolution of this issue will govern all pending motions to withdraw the reference and those pending motions to dismiss that have not yet been fully briefed and argued. See Section 502(d) Withdrawal Ruling, p. 10-11; SIPC v. Bernard L. Madoff Inv. Secs. LLC (In re Madoff Secs.), No. 12 MC 0115 (S.D.N.Y. Order dated Apr. 19, 2012) [ECF No. 22] (the "Common Briefing Order"). During a conference with the Court on May 18, 2012, the Court directed counsel for the Trustee to convene a conference among the Section 502(d) Defendants and to schedule consolidated proceedings no later than May 29, 2012.

BASED ON THE FOREGOING, IT IS HEREBY ORDERED AS FOLLOWS:

1.  The reference of the Adversary Proceedings listed in Exhibit A is withdrawn, in part, from the Bankruptcy Court to this Court solely with respect to the Section 502(d) Defendants for the limited purpose of hearing and determining whether SIPA prevents the Trustee from disallowing customer claims under 11 U.S.C. § 502(d) (the "Section 502(d) Issue"). Except as otherwise provided herein or in other orders of this Court, the reference to the Bankruptcy Court is otherwise maintained for all other purposes.

2.  The Trustee and SIPC are deemed to have raised, in response to all pending motions for withdrawal of the reference based on the Section 502(d) Issue, all arguments previously raised by either or both of them in opposition to all such motions granted by the Section 502(d) Withdrawal Ruling, and such objections or arguments are deemed to be overruled, solely with respect to the Section 502(d) Issue, for the reasons stated in the Section 502(d) Withdrawal Ruling.

3.  All objections that could be raised by the Trustee and/or SIPC to the pending motions to withdraw the reference in the Adversary Proceedings, and the defenses and responses thereto that may be raised by the affected defendants, are deemed preserved on all matters.

4.  On or before July 13, 2012, the Section 502(d) Defendants shall file a single consolidated motion to dismiss pursuant to Fed. R. Civ. P. 12 (made applicable to the Adversary Proceeding by Fed. R. Bankr. P. 7012) and a single consolidated supporting memorandum of law, not to exceed forty (40) pages (together, the "Section 502(d) Motion to Dismiss").

5. The Trustee and SIPC shall each file a memorandum of law in opposition to the Section 502(d) Motion to Dismiss, not to exceed forty (40) pages each, addressing the Section 502(d) Withdrawal Ruling Issue on or before September 12, 2012.

6. Windels Marx Lane & Mittendorf, LLP, special counsel to the Trustee, may file a joinder to the Trustee's opposition to the Section 502(d) Motion to Dismiss on behalf of the Trustee in certain of the Adversary Proceedings listed on Exhibit A on or before September 12, 2012.

7. The Section 502(d) Defendants shall file one consolidated reply brief, not to exceed twenty (20) pages, on or before September 28, 2012.

8. The Court will hold oral argument on the Section 502(d) Motion to Dismiss on October 9, 2012, at 3:00 p.m. (the "Hearing Date").

9. On or before September 28, 2012, the Section 502(d) Defendants shall designate one lead counsel to advocate their position at oral argument on the Hearing Date, but any other attorney who wishes to be heard may appear and so request.

10. The caption displayed on this Order shall be used as the caption for all pleadings, notices and briefs to be filed pursuant to this Order.

11. All communications and documents (including drafts) exchanged between and among any of the defendants in any of the adversary proceedings, and/or their respective attorneys, shall be deemed to be privileged communications and/or work product, as the case may be, subject to a joint interest privilege.

12. This Order is without prejudice to any and all grounds for withdrawal of the reference (other than the Section 502(d) Issue) raised in the Adversary Proceedings by the

Section 502(d) Defendants and any matter that cannot properly be raised or resolved on a Rule 12 motion, all of which are preserved.

13. Nothing in this Order shall: (a) waive or resolve any issue not specifically raised in the Section 502(d) Motion to Dismiss, including any other arguments why Section 502(d) should not apply to certain defendants in these cases; (b) waive or resolve any issue raised or that could be raised by any party other than with respect to the Section 502(d) Issue, including related issues that cannot be resolved on a motion under Fed. R. Civ. P. 12; or (c) notwithstanding Fed. R. Civ. P. 12(g)(2) or Fed. R. Bankr. P. 7012(g)(2), except as specifically raised in the Section 502(d) Motion to Dismiss, limit, restrict or impair any defense or argument that has been raised or could be raised by any Section 502(d) Defendant in a motion to dismiss under Fed. R. Civ. P. 12 or Fed. R. Bankr. P. 7012, or any other defense or right of any nature available to any Section 502(d) Defendant (including, without limitation, all defenses based on lack of personal jurisdiction or insufficient service of process), or any argument or defense that could be raised by the Trustee or SIPC in response thereto.

14. Nothing in this Order shall constitute an agreement or consent by any Section 502(d) Defendant to pay the fees and expenses of any attorney other than such defendant's own retained attorney. This paragraph shall not affect or compromise any rights of the Trustee or SIPC.

15. This Order is without prejudice to and preserves all objections of the Trustee and SIPC to timely-filed motions for withdrawal of the reference currently pending before this Court (other than the withdrawal of the reference solely with respect to the Section 502(d) Issue) with respect to the Adversary Proceedings, and the defenses and responses thereto that may be raised by the affected defendants, are deemed preserved on all matters.

16. The procedures established by this Order, or by further Order of this Court, shall constitute the sole and exclusive procedures for determination of the Section 502(d) Issue in the Adversary Proceedings (except for any appellate practice resulting from such determination), and this Court shall be the forum for such determination. To the extent that briefing or argument schedules were previously established with respect to the Section 502(d) Issue in any of the Adversary Proceedings, this Order supersedes all such schedules solely with respect to the Section 502(d) Issue. To the extent that briefing or argument schedules are prospectively established with respect to motions to withdraw the reference or motions to dismiss in any of the Adversary Proceedings, the Section 502(d) Issue shall be excluded from such briefing or argument and such order is vacated. For the avoidance of doubt, to the extent any of the Section 502(d) Defendants have issues other than the Section 502(d) Issue or issues set forth in the Common Briefing Order that were withdrawn, those issues will continue to be briefed on the schedule previously ordered by the Court. Except as stated in this paragraph, this Order shall not be deemed or construed to modify, withdraw or reverse any prior Order of the Court that granted withdrawal of the reference in any Adversary Proceeding for any reason.

SO ORDERED.

Dated: New York, New York
       June _1_, 2012

_____
JED S. RAKOFF, U.S.D.J.

| | Exhibit A | | |
|---|---|---|---|
| 1. | ***Picard v. Herald Fund SPC*** | 11-cv-06541-JSR | Kirkland & Ellis LLP<br>Joseph Serino, Jr.<br>(joseph.serino@kirkland.com)<br>David S. Flugman<br>(david.flugman@kirkland.com) |
| 2. | ***Picard v. Alpha Prime, et al***<br>(Alpha Prime Fund Limited and Senator Fund SPC ) | 11-cv-06677-JSR | Anderson Kill & Olick, P.C.<br>Todd E. Duffy<br>(tduffy@andersonkill.com) |
| 3. | ***Picard v. Maxam Absolute Return Fund, et al.*** | 11-cv-07428-JSR | Kobre & Kim LLP<br>Carrie Tendler<br>(carrie.tendler@kobrekim.com)<br>Jonathan D. Cogan<br>(jonathan.cogan@kobrekim.com)<br>Maggie Sklar<br>(maggie.sklar@kobrekim.com)<br><br>Wollmuth Maher & Deutsch LLP<br>James N. Lawlor<br>(jlawlor@wmd-law.com) |
| 4. | ***Picard v. Ostrin Family Partnership, et al*** | 12-cv-00884-JSR | Law Office of Richard E. Signorelli<br>Richard E. Signorelli<br>(rsignorelli@nyclitigator.com)<br>Bryan Ha<br>(bhanyc@gmail.com) |
| 5. | ***Picard v. Beacon Associates LLC I, et al.*** | 12-cv-02310-JSR | Herrick, Feinstein, LLP; Cleary Gottlieb Steen & Hamilton LLP;<br>Hiscock & Barclay, LLP; Rosenfeld & Kaplan, LLP |

| | | | |
|---|---|---|---|
| | | | Arthur G. Jakoby (ajakoby@herrick.com) Frederick E. Schmidt, Jr. (eschmidt@herrick.com) Cleary Gottlieb Steen & Hamilton LLP Lewis J. Liman (lliman@cgsh.com) Jeffrey A. Rosenthal (jrosenthal@cgsh.com) |
| 6. | ***Picard v. Robert Nystrom*** | 12-cv-02403-JSR | Friedman Kaplan Seiler & Adelman LLP; Clayman & Rosenberg LLP William P. Weintraub (wweintraub@fklaw.com) Gregory W. Fox (gfox@fklaw.com) Clayman & Rosenberg LLP Seth L. Rosenberg (rosenberg@clayro.com) Brian D. Linder (linder@clayro.com) |
| 7. | ***Picard v. Edward Blumenfeld*** | 12-cv-02405-JSR | Friedman Kaplan Seiler & Adelman LLP; Clayman & Rosenberg LLP William P. Weintraub (wweintraub@fklaw.com) Gregory W. Fox (gfox@fklaw.com) Clayman & Rosenberg LLP |

| | | | |
|---|---|---|---|
| | | | Seth L. Rosenberg (rosenberg@clayro.com) Brian D. Linder (linder@clayro.com) |
| 8. | ***Picard v. Federico Ceretti, et al*** (Kingate Global Fund Ltd; Kingate Euro Fund Ltd – Moving Parties) | 12-cv-02441-JSR | Quinn Emanuel Urquhart & Sullivan, LLP Susheel Kirpalani (susheelkirpalani@quinnemanuel.com) Robert Loigman (robertloigman@quinnemanuel.com) Daniel Holzman (danielholzman@quinnemanuel.com) Xochitl Strohbehn (xochitlstrohbehn@quinnemanuel.com) |
| 9. | ***Picard v. Plaza Investments International Limited, et al.*** | 12-cv-02646 | Debevoise & Plimpton LLP Joseph P. Moodhe (Jpmoodhe@debevoise.com) Shannon Rose Selden (srselden@debevoise.com) |
| 10. | ***Picard v. Richard M. Glantz, et al.*** | 12-cv-02778 | Law Office of Richard E. Signorelli Richard E. Signorelli (rsignorelli@nyclitigator.com) Bryan Ha (bhanyc@gmail.com) |
| 11. | ***Picard v. Lisa Liebmann Adams*** | 12-cv-02789 | Day Pitney LLP Helen Harris (hharris@daypitney.com) |
| 12. | ***Picard v. Cardinal Management Inc., et al*** | 12-cv-02981-JSR | Clifford Chance US LLP Jeff E. Butler (jeff.butler@cliffordchance.com) |

| 13. | *Picard v. Radcliff Investments Limited, et al.* | 12-cv-02982-JSR | Clifford Chance US LLP<br>Jeff E. Butler<br>(jeff.butler@cliffordchance.com) |